IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

SHIRLEY PLUMMER,                    *
                                    *
    Plaintiff,                      *
                                    *
    v.                              *    CV 321-026
                                    *
THE TJX COMPANIES, INC., TJ         *
MAXX, BRANDON GRIFFIN, and          *
JOHN DOE,                           *
                                    *
    Defendant/Third-Party           *
    Plaintiff,                      *
                                    *
KELLERMEYER BERGENSONS SERVICES,    *
                                    *
    Third-Party Defendant.          *

_____

O R D E R
_____

Presently before the Court is Plaintiff Shirley Plummer's motion to remand this case to the Superior Court of Laurens County. Upon review of the relevant law, the parties' briefs, and the case record, Plaintiff's motion to remand is **DENIED** for the following reasons.

I.  Background

Plaintiff Shirley Plummer is a resident of Laurens County, Georgia. (Compl. ¶ 2, Doc. No. 1-2.) According to her Complaint, which she filed in state court, Plaintiff slipped and fell while shopping at a TJ Maxx store in Dublin, Georgia, on March 23, 2019. (Id. ¶ 1.) To recover for the injuries sustained from the fall,

Plaintiff sued corporate Defendants The TJX Companies, Inc. ("TJX") and TJ Maxx[1]; and individual Defendants Brandon Griffin and John Doe as owner and/or operators of the store. (Id. ¶ 4.) The Complaint only alleges claims arising under state law.

On March 30, 2021, Defendant TJX filed a Petition for Removal on the basis of diversity of citizenship. (Doc. No. 1.) Therein, Defendant TJX explains that it was incorporated in Delaware and its principal place of business is in Massachusetts. (Id. ¶ 4.) It goes on to explain that while Plaintiff named TJ Maxx, Inc., that company merged with Defendant TJX in 1989, and therefore TJ Maxx, Inc. is not a proper defendant. (Id. ¶ 5.) Finally, Defendant TJX contends that Defendant Griffin, presumably a Georgia resident, was fraudulently joined in the case to defeat diversity. (Id. ¶ 6.) In Defendant TJX's estimation, the only parties who count in assessing complete diversity for purposes of removal are Plaintiff and itself.[2] (Id. ¶ 9.)

On April 16, 2021, Plaintiff filed a motion to remand the case. Defendant responded in brief and attached the declarations of Paul Kangas, an employee of Defendant TJX, and of Defendant

---

[1] Plaintiff alleges that Defendant TJX's principal place of business is in Massachusetts. (Compl. ¶ 5.) The Complaint does not assert a principal place of business for Defendant TJ Maxx. Indeed, it does not appear that a summons was issued to Defendant TJ Maxx.

[2] The citizenship of the John Doe Defendant is disregarded for purposes of determining removal based on diversity jurisdiction. 28 U.S.C. § 1441(b)(1).

Griffin. Plaintiff has filed a reply. The matter is ripe for consideration.

## II. Legal Standard

As a court of limited jurisdiction, a district court must determine whether it has original jurisdiction over a plaintiff's claims in a removed action. See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) (citing 28 U.S.C. § 1441(a)). The original jurisdiction of district courts extends to federal question jurisdiction (28 U.S.C. § 1331) and diversity jurisdiction where the amount in controversy exceeds $75,000 (28 U.S.C. § 1332). In this case, Defendant TJX removed based upon diversity jurisdiction.

The parties do not dispute that the amount in controversy exceeds $75,000. Diversity jurisdiction, however, requires complete diversity – that is, every plaintiff must be diverse from every defendant. Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998) (cited source omitted). Additionally, in a removed case, "none of the parties in interest properly joined and served as defendants [may be] a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). Consequently, a district court lacks subject matter jurisdiction over a case removed under § 1332(a) if a defendant is a citizen of the state in which the action is brought.

Pertinent to this case, the district court may nevertheless retain jurisdiction and "ignore the presence of [a] non-diverse defendant" where the non-diverse party has been fraudulently joined. Stillwell v. Allstate Ins. Co., 663 F.3d 1329, 1332 (11th Cir. 2011). A defendant seeking to establish fraudulent joinder to resist remand must demonstrate by clear and convincing evidence that "there is no possibility the plaintiff can establish a cause of action against the resident defendant." Henderson v. Wash. Nat'l Ins. Co., 454 F.3d 1278, 1281 (11th Cir. 2006).

In resolving a claim of fraudulent joinder, the district court proceeds in a fashion similar to the inquiry involved in a motion for summary judgment under Federal Rule of Civil Procedure 56(b). Crowe v. Coleman, 113 F.3d 1536, 1538 (11th Cir. 1997). The court considers the plaintiff's pleadings at the time of removal and any affidavits and deposition transcripts submitted. Id. The court "must evaluate the factual allegations in the light most favorable to the plaintiff and must resolve any uncertainties about state substantive law in favor of the plaintiff." Id. However, as the Eleventh Circuit has explained, "there must be some question of fact before the district court can resolve the fact in the plaintiff's favor." Legg v. Wyeth, 428 F.3d 1317, 1323 (11th Cir. 2005). "In other words, when the defendant presents affidavits or deposition transcripts that are undisputed by the plaintiff, 'the court cannot then resolve the facts in the [p]laintiff['s] favor based solely on the unsupported allegations in the [p]laintiff['s]

4

complaint.'" Snadon v. Sew-Eurodrive Inc., 421 F. Supp. 3d 1360, 1366-67 (N.D. Ga. 2019) (quoting Legg v. Wyeth, 428 F.3d at 1323). "Rather, the plaintiff generally must come forward with some evidence to dispute the sworn testimony submitted by the defendant." Id. (citing Shannon v. Albertelli Firm, P.C., 610 F. App'x 866, 871 (11th Cir. 2015)).

### III. Legal Analysis

To resolve Plaintiff's motion to remand, the Court must determine the citizenship of the Defendants and whether any non-diverse Defendant has been fraudulently joined.

A. Defendant TJX

A corporation is a citizen of both its state of incorporation and the state where it has its principal place of business. See 28 U.S.C. § 1332(c)(1). In this case, it is undisputed that Defendant TJX was incorporated in Delaware. As to its principal place of business, Plaintiff disputes Defendant TJX's representation in its Notice of Removal that its principal place of business is Massachusetts; instead, Plaintiff claims that it is Georgia. More specifically, Plaintiff states that Georgia satisfies the "nerve center" test for purposes of determining a corporation's principal place of business.

The "nerve center" refers to "the place where a corporation's officers direct, control, and coordinate the corporation's activities." Hertz Corp. v. Friend, 559 U.S. 77, 92-93 (1977).

This is generally the place where the corporation maintains its headquarters. Id. at 93. The nerve center does not necessarily lie where "the bulk of a company's business activities visible to the public take place" if the direction and control of those business activities occur from another state. Id. at 96. Ultimately, the nerve center points "in a single direction, toward the center of overall direction, control, and coordination." Id. at 95-96 ("The metaphor of a corporate 'brain,' while not precise, suggests a single location.").

Plaintiff points to the two distribution centers operated by Defendant TJX in Georgia, calling it a "strong business operation" in the state. (Pl.'s Mot. to Remand, Doc. No. 11, at 4.) Plaintiff surmises that the distribution centers probably employ many people and assemble, store, process, and ship goods and products. (Id.) Thus, Plaintiff states that "it is very possible" that Georgia satisfies the nerve center test. (Id.)

Contrary to Plaintiff's supposition, Defendant TJX has submitted evidence in the form of the declaration of Paul Kangas, an employee with personal knowledge of the corporate structure and operations of the company. (See Kangas Decl., Doc. No. 12-1, ¶ 2.) Therein, Kangas explains that the company's corporate officers and upper level management direct, control, and coordinate the corporation's day-to-day activities from Massachusetts (id. ¶¶ 3-5), and the corporate records are maintained in Massachusetts (id. ¶ 6). Kangas recognizes that there are two distribution centers

in Georgia, but he avers that those facilities do not direct, control, or coordinate the company's activities. (Id. ¶ 7.)

Plaintiff does not provide any evidence to support its supposition that Georgia is Defendant TJX's principal place of business or that Massachusetts is not. Rather, Plaintiff takes issue with the timing of the Kangas declaration, contending that it should have been submitted with the Petition for Removal. Plaintiff, however, cites to no authority by which there is a requirement that a removing defendant present its evidence in support thereof at the time of removal. Indeed, such evidence is often not adduced until after removal is challenged.

Plaintiff also challenges the form and content of the Kangas declaration. First, Plaintiff complains that the declaration is not notarized and is therefore insufficient. The verification requirements of an affidavit are satisfied so long as an unsworn declaration is subscribed by the declarant as true "under penalty of perjury." 28 U.S.C. § 1746, cited in First-Citizens Bank & Trust Co. v. Brannon, 722 F. App'x 902, 905 (11th Cir. 2018). Thus, notarization was not required.[3] Second, Plaintiff complains that Kangas does not identify his role in the company. Yet, the Court finds sufficient that Kangas attests "under penalty of perjury"

---

[3] Plaintiff cites Travaglio v. Am. Express Co., 735 F.3d 1266 (11th Cir. 2013), in support of her contention that an unsworn statement could not support a claim of citizenship. The unsworn statement in Travaglio, however, was a statement in brief – not an unsworn declaration complying with the requirements of 28 U.S.C. § 1746.

7

that he has personal knowledge of the corporate structure and operations.

Based upon the record, therefore, the Court concludes that Defendant TJX has satisfied its burden to show that its principal place of business is in Massachusetts. Accordingly, it is completely diverse from Plaintiff.

B. <u>Defendant TJ Maxx</u>

Defendant TJX submits evidence from the Georgia Secretary of State's Office to show that TJ Maxx, Inc. merged with Defendant TJX in 1987.[4] (<u>See</u> Pet. for Removal, Ex. C.) As a defunct corporation, Defendant TJ Maxx, Inc. is an improper party and its citizenship is therefore irrelevant. Plaintiff makes no argument to the contrary. Of note, Plaintiff does not specifically name an entity called TJ Maxx, Inc. in her complaint. Instead, she names TJ Maxx, which is the name of the store in which she fell. Moreover, there are no allegations of corporate citizenship pertaining to TJ Maxx or TJ Maxx, Inc., and it does not appear that a summons has been issued for either entity. In short, neither TJ Maxx, Inc. nor TJ Maxx appear to be a party to the case. And, to the extent Plaintiff believes it is, such entity (whether the defunct TJ Maxx, Inc. or the store name TJ Maxx) is an improper

---

[4] It appears that Defendant TJX's statement in its Petition for Removal that it merged with TJ Maxx, Inc. in 1989 is a typographical error. (<u>Compare</u> Pet. for Removal ¶ 5 <u>with</u> Pet. for Removal, Ex. C.)

party, and its citizenship will not be considered in examining diversity in this case.

### C. Defendant Griffin

According to the Complaint, Defendant Griffin was a manager of the TJ Maxx store in Dublin, Georgia, on March 23, 2019, the day that Plaintiff fell. (Compl. ¶ 13.) Contrarily, Defendant Griffin has submitted a declaration that states that he did not become the manager of the TJ Maxx in Dublin, Georgia until September 2019. (Griffin Decl., Doc. No. 12-2, ¶ 2.) Moreover, at the time of Plaintiff's fall, Griffin was the manager of a TJ Maxx store in Cleveland, Tennessee. (Id. ¶¶ 3-4.) Based on these facts, Defendant TJX claims that Griffin was fraudulently joined to defeat diversity.

Plaintiff presents no evidence to rebut Griffin's declaration. Rather, she again attacks the timing and the sufficiency of the declaration. As discussed above, there is no requirement that evidence relevant to the issue of citizenship be submitted with a petition for removal, and an unsworn declaration that comports with 28 U.S.C. § 1746 may be considered as evidence.

Plaintiff then grasps at a last straw. Plaintiff contends that while unlikely, it is conceivable that Griffin somehow was involved with waxing the floors of the TJ Maxx in Dublin, Georgia *six months prior* to his becoming the manager because the declaration does not provide information about any "transitioning responsibilities he may have had." (Pl.'s Reply Br., Doc. No. 14,

9

at 4-5.) The Court will not indulge the unfounded speculation of Plaintiff in this regard. The evidence of record shows that Griffin did not work at the TJ Maxx in Dublin, Georgia on March 23, 2019. Thus, Griffin could not have "negligently maintained the premises" on the day of Plaintiff's fall since he did not have operational control of the store. Because there is no possibility of a cause of action against Griffin in negligence, his citizenship will not be considered for purposes of diversity jurisdiction.

### IV. Conclusion

Upon the foregoing, the Court concludes that there is complete diversity of citizenship between the relevant parties: Plaintiff is a resident of Georgia, and Defendant TJX is a resident of Delaware and Massachusetts. Accordingly, removal of this case was proper, and Plaintiff's motion to remand the case to state court (doc. no. 11) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia this 7th day of June, 2021.

_____
UNITED STATES DISTRICT JUDGE